**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>**722 12th Street NW, 4th Floor**<br>**Washington, DC 20005**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**<br>**200 Independence Avenue, S.W.**<br>**Washington, D.C. 20201**<br><br>**Defendant.** | ) | **Civil Action No. 17-** 443 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E LEGAL") for its complaint against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request properly describing records sought, sent on October 28, 2016 to the National Institute for Environmental Health Sciences, a component of the Department of Health and Human Services, which improperly denied the request by failing to respond.

2. In the request, plaintiff requested a fee waiver as provided by FOIA, due to the public interest in the information the records address, and the requester's media and educational status.

3. HHS has failed to respond to this request as required by FOIA.

4. As a result, plaintiff has no need to further exhaust its administrative remedies.

5. Accordingly, plaintiff files this lawsuit to compel the Department to comply with the law and produce the properly described public records responsive to this FOIA request without fees.

**PARTIES**

6. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia with offices in the District of Columbia, and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

7. Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies including the National Institutes of Health Sciences (NIEHS).

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this is brought in the District of Columbia, and under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

9. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

10. In its October 28, 2016 FOIA request, plaintiff sought certain HHS public records held by the NIEHS's National Institutes of Health division relating to the federal government's work on risk assessments of the agricultural chemical Glyphosate, which has become the subject of media coverage by numerous national and international news outlets and the subject of interest by congressional oversight bodies.

11. Plaintiff sought NIEHS-related electronic correspondence of two employees over a specific period of time which was also sent to or from a certain contractor's email domain, and containing one of two keywords.

12. Plaintiff also requested copies of three government contracts held by NIEHS citing to their specific contract and "Reference IDV PIID" numbers, and certain other described contracts over three fiscal years containing one of two terms in their "Description of Requirement".

13. The request included detailed explanations, in the alternative, of why E&E Legal is entitled to a fee waiver, and why the request was in the public interest.

14. HHS, through NIH, acknowledged receipt of this request on November 9, 2016, assigning it request FOIA Case No. 45736, and stating that "Because we are uncertain that any applicable fees will exceed our minimum charge ($25.00), we are not addressing your request for a fee waiver at this time."

15. Defendant was required to substantively respond to the request within 20 days. However, after more than 120 days, it has failed to offer any other response than this

acknowledgement letter.

## ARGUMENTS

16. Transparency in government is the subject of high-profile promises from the federal executive branch of the United States, arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

17. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

18. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. HHS did not seek additional information from plaintiff regarding the request at issue in this suit.

19. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

20. Defendant HHS owes plaintiff records responsive to the request at issue in this suit, subject to legitimate withholdings, which request reasonably described the information sought and was otherwise filed in compliance with applicable law, has unlawfully denied the request, unlawfully denied plaintiff's requests in the alternative for fee waiver, and has failed to provide responsive records in violation of statutory deadlines.

21. HHS cannot disclaim its obligation to undertake a proper search for responsive records, to inform requesters of its intentions and processing as required by law and precedent, and to produce such records subject to appropriate and legitimate exemptions.

22. Further, HHS may not ignore and decline to address fee waiver requests, nor may it fail to provide a legitimate basis for denying such requests or for classifying a request as commercial in nature.

## FIRST CLAIM FOR RELIEF
### Seeking Declaratory Judgment

23. Plaintiff re-alleges paragraphs 1-22 as if fully set out herein.

24. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond

pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

25. Plaintiff asks this Court to enter a judgment declaring that:

    a. HHS's correspondence and other records as specifically described in plaintiff's FOIA request detailed, *supra*, is subject to release under FOIA;

    b. The Department must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c. The Department may not assess or seek costs and fees for the request at issue in this case, as plaintiff are entitled to a waiver of its fees.

**SECOND CLAIM FOR RELIEF**
**Seeking Injunctive Relief**

26. Plaintiff re-alleges paragraphs 1-25 as if fully set out herein.

27. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA request detailed, *supra*, without fees, subject to legitimate withholdings.

28. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA request, subject to legitimate withholdings.

29. Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing

schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholds and any other remaining issues.

**THIRD CLAIM FOR RELIEF**

**Seeking Costs and Fees**

30. Plaintiff re-alleges paragraphs 1-29 as if fully set out herein.
31. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
32. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.
33. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 13th day of March, 2017,

_________/s/_______________
Chaim Mandelbaum,
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
703-577-9973
chaim12@gmail.com

*Counsel for Plaintiff*